UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN-BALANCE HEALTH, LLC | **Hon. Dennis M. Cavanaugh** |
| v. | **OPINION** |
| UNITED HEALTHCARE INSURANCE COMPANY, <br> Defendant | Civil Action No. 10-cv-5818 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion to dismiss by United Healthcare Insurance Company ("Defendant") pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the decision of this Court that Defendant's motion to dismiss is **granted**.

I.      BACKGROUND

This law suit is brought by In-Balance Health on behalf of four patients, all of whom are subscribers to plans of group health insurance issued by Defendant, pursuant to a written assignment of benefits. Although Plaintiffs fail to allege either the illnesses or conditions for which Plaintiffs received treatment, what medical procedures they received, nor what reasons were given by Defendant to deny their claims, Defendant avers that all four patients were treated with manipulation under anesthesia ("MUA"), and that the denials of benefits were based on Defendant's finding that they were for experimental or investigative purposes which are specifically excluded from the relevant plans.

II.  **LEGAL STANDARD**

12(b)(6) Motion to Dismiss

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the Fed. R. Civ. P. 12(b)(6) standard.  See 550 U.S. 544, 555 (2007).  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  Bell, 550 U.S. at 558 (citing Conley, 355 U.S. at 45–46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level."Bell, 550 U.S. at 555-56.

III.  **DISCUSSION**

Plaintiffs have not alleged sufficient facts to form the basis of a complaint. In truth, they allege no set of facts that could possibly give rise to a cause of action. Based on the four corners of the Complaint  the Court has no way of knowing what Plaintiffs were treated for, why they were treated, and if the treatment was even covered by the relevant insurance plans administered by Defendant. Even taking the pleadings in the light most favorable to Plaintiff, as the Court must, there is nothing to indicate that Plaintiffs are entitled to any relief. Plaintiffs never even allege that

the undefined procedures were either medically necessary or non-experimental for the conditions they were used to treat. Without that threshold averment, there is nothing upon which the Court can credit Plaintiff's assertion that they were denied benefits to which they were rightfully entitled. Unless the denial of benefits was unreasonable under the terms of the benefit plans, there is no relief to be had under any legal theory. Moreover, only if Plaintiffs could attest to the medical necessity of performing specific and covered procedures on specific and covered patients for specific and covered afflictions would there be a threshold showing that the Court could credit. In the absence of that, the Court can find nothing that plausibly suggests that Defendants acted arbitrarily or improperly in denying coverage. Although the Court need not reach the issue, the Court notes that in the future, if Plaintiff seeks to file an amended complaint, failure to plead the exhaustion of administrative remedies will result in dismissal.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is **granted** without prejudice. An appropriate Order follows this Opinion.

                                                  S/ Dennis M. Cavanaugh  
                                                  DENNIS M. CAVANAUGH, U.S.D.J.

Date:    August   8 , 2011  
cc:      Hon. Joseph A. Dickson, U.S.M.J.  
        Counsel of Record